UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Dolly Stoddart,<br><br>                    Plaintiff,<br><br>     v.<br><br>Kilolo Kijakazi,<br><br>                    Defendant. | Case No. 2:22-cv-01119-DJA<br><br>**ORDER** |

Before the Court is Plaintiff Dolly Stoddart's application to proceed *in forma pauperis* on appeal from the Social Security Commissioner's final decision. (ECF No. 1). Because the Court finds that Plaintiff has demonstrated an inability to prepay fees and costs or give security for them, it grants the application. The Court also finds that Plaintiff's complaint has met the basic requirements to satisfy screening. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Discussion.**

**     A.     The Court grants Plaintiff's in forma pauperis *application*.**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff is unemployed and Plaintiff's only income is food stamps and adoption assistance. Plaintiff claims to have only $40 in a bank account and no cash. Plaintiff asserts that she is separated from her husband, who pays the mortgage, but nothing else. Her three children depend on her for support. Based on the financial information provided, the Court finds that Plaintiff is unable to pay an initial partial filing fee and grants the application to proceed *in forma pauperis*.

**     B.     *Plaintiff's complaint passes the Court's screening.***

Plaintiff's complaint meets the basic requirements to pass screening. When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint. *See* 28

U.S.C. § 1915(e). For social security appeals, judges in this district consider four requirements for complaints to satisfy screening. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases). *See id.* First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision. *See id.* Second, the complaint must indicate the judicial district in which the plaintiff resides. *See id.* Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. *See id.* Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See id.*

Here, Plaintiff's complaint satisfies all four requirements. First, the complaint asserts that Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income, which applications the Commissioner denied. Afterwards, Plaintiff timely requested and participated in a hearing before an administrative law judge (ALJ), who denied Plaintiff's claim on August 5, 2021. The Appeals Council denied review on May 17, 2022, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed an *in forma pauperis* application less than 60 days later. Second, Plaintiff claims to live in the jurisdictional boundaries of this Court. Third, the complaint outlines the nature of Plaintiff's disabilities, and the date Plaintiff became disabled. Fourth, the complaint concisely states Plaintiff's disagreement with the Social Security Administration's determination. Because Plaintiff's complaint meets each of these requirements, it satisfies screening.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of

security therefor.  The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file the complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to serve the Commissioner of the Social Security Administration by sending a copy of the summons and complaint by certified mail to: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 800, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendant or counsel for the Defendant.  The court may disregard any paper received by a judge which has not been filed with the clerk, and any paper received by a judge or the clerk which fails to include a certificate of service.

DATED: July 18, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE